**Juanita YEAGER, Plaintiff,**

v.

**RELIANCE STANDARD LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. C93–0461–L(H).**

United States District Court, W.D. Kentucky, Louisville Division.

May 11, 1994.

David A. Friedman, Taustine, Post, Sotsky, Berman, Fineman & Kohn, Harris J. Berman, Louisville, KY, for plaintiff.

Christopher M. Hill, McBrayer, McGinnis, Leslie & Kirkland, Frankfort, KY, for defendant.

**MEMORANDUM OPINION**

HEYBURN, District Judge.

This case is before the Court on Defendant's motion for summary judgment. Defendant argues in a carefully crafted and thoroughly documented brief that its denial of Plaintiff's benefits must be viewed under

**12**

the arbitrary and capricious standard and that summary judgment is mandated based upon review of the medical evidence available to Defendant at the time of its decision.

No doubt Plaintiff would have a difficult time in this litigation if she must overcome the arbitrary and capricious standard. Defendant might well be entitled to summary judgment and certainly would have an imposing accumulation of evidence in support of its position at trial. On the other hand, if the *de novo* standard applies, Defendant would not be entitled to summary judgment under the facts which the Court has reviewed.

Therefore, the question of whether the *de novo* standard or the arbitrary and capricious standard should apply will decide the issue of summary judgment presently before the Court. The Supreme Court has held that "a denial of benefits challenged under Section 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989). The Sixth Circuit has interpreted *Firestone* to require that the plan "expressly" give discretionary authority to the administrator. *Johnson v. Eaton Corp.,* 970 F.2d 1569, 1571 (6th Cir.1992) (citing *Perry v. Simplicity Engineering,* 900 F.2d 963, 965 (6th Cir.1990)).

■ This issue is one of more than strictly academic interest to plan administrators and to the beneficiaries of any plan. Appropriately drafted provisions give plan administrators enormous discretionary authority. The existence of such discretionary authority may predetermine the access to benefits of an insured under an existing plan. Other than a description of the plan benefits themselves, no item of information would be more important to the beneficiaries. It is altogether

proper, therefore, that before the plan administrator may retain such authority it must be set forth "expressly." Indeed, this Court's view is that such authority be set forth expressly and clearly and without ambiguity. Surely it is not asking too much of the lawyers and administrators who devise and draft these plans that whatever authority is granted to the plan administrator be set forth in language plain enough for the beneficiaries to perceive it.

■ In this case, there is considerable doubt about the meaning of the benefit provisions and the standard by which they are authorized. In support of its position, Defendant cites only the benefit provision which states "we will pay a monthly benefit if an insured ... submits a satisfactory proof of total disability to us" and declares that it is "virtually identical" to the language approved in *Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979 (6th Cir.1991).[1] If the language in *Miller* is clear, then the language here, due to the rearrangement for several words, is unclear. It neither expressly nor clearly reserves unto Defendant discretionary authority to determine benefits.

What would make the language clear so as to accord differential treatment? There are at least several other ways of drafting the sentence which would have made the reservation of discretionary power clearer. It would be clear if the provision provided that the "insured submit a proof of total disability which is satisfactory to us" or, in the alternative, "proof of disability satisfactory to us." Another alternative would be for Defendant to have stated that "insured must submit proof satisfactory to us of total disability." These phrases, it might be argued, reserve Defendant's discretionary authority in a manner similar to *Miller.*

But, it is not good enough that the provision the Court now reviews contains similar

---

1. The language of the welfare benefit plan in *Miller* stated "an Employee shall be deemed to be totally disabled only if that Employee is not engaged in regular employment or occupation for remuneration or profit and, on the basis of medical evidence satisfactory to the Insurance Company, the Employee is found to be wholly prevented ... from engaging in regular employ-

ment...." By accepting this language, the Circuit did not set a formidable barrier for plan administrators seeking discretionary authority. As in the instant case, the *Miller* plan also gives the administrator authority to obtain medical records and documentation. However, this language does not expressly provide for any discretionary authority.

words in a different arrangement. The arrangement of words does convey meaning. The benefit language as arranged here is at best ambiguous. The phrase "to us" by its placement could modify "submits" or it might modify the complete phrase "satisfactory proof of total disability." Even if it modifies the latter phrase, the meaning is less than clear and not expressly stated.

Defendant has the opportunity and obligation to make such important provisions of its benefit plan clearly understandable. The provisions as drafted fail to do that. It would be unfair and improper for Defendant to take advantage of the ambiguity which it created, particularly when it would have been so easy to draft clear and appropriate language if that was its intent.

The Court will deny Defendant's motion for summary judgment and enter an appropriate order.

### ORDER

This case is before the Court on Defendant's motion for summary judgment. The Court has issued an accompanying memorandum opinion finding that the *de novo* standard applies to its review of this case. The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that this case is assigned to Magistrate Judge C. Cleveland Gambill for an immediate settlement conference prior to trial.