Sorel v. CIGNA                         CV-94-098-JD  06/15/95  P

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Constance Sorel

        v.                                  Civil No. 94-098-JD

CIGNA, et al.


                              O R D E R


     The plaintiff, Constance Sorel, filed a petition in

Hillsborough County Superior Court seeking a declaratory judgment

against defendants CIGNA, Administrator for the Equitable Life

Assurance Society of the United States, by Equicor, Inc.,

("CIGNA"), and Lockheed Sanders, Inc., seeking coverage under an

employee benefit plan issued by Equitable Life.  CIGNA

subsequently removed the action to federal court on the ground

that the plan is governed by the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

Currently before the court is the defendant's "Motion for Summary

Judgment" (document no. 20).


                            Background

     In 1977, Sorel, who was employed by Sanders Associates,

Inc.[1], sustained a non-occupational injury that left her unable

_____

        [1]Sanders Associates is now Lockheed Sanders.

to perform work-related duties. That same year, Sorel made a claim for long-term disability benefits from the Sanders Associates, Inc., Long Term Disability Plan ("the Sanders Plan"). At all relevant times, the Sanders Plan was funded by a group insurance policy issued by Equitable Life (policy no. 19367LT).

Sorel received payments from 1977 until 1993, at which time CIGNA terminated her benefits. In response, Sorel filed her declaratory judgment action. A bench trial is scheduled to begin July 11, 1995.

The defendants have filed a motion for summary judgment. The defendants do not seek summary judgment as to the ultimate issue of liability but request a ruling from this court regarding the standard of review to be applied to Sorel's claim. The defendants contend that the termination of Sorel's benefits should be reviewed under an arbitrary and capricious standard. Sorel responds that the court should review the termination de novo.

## Discussion

The policy under which Sorel seeks benefits is part of an employee welfare benefit plan, see document no. 16, regulated by ERISA. CIGNA's denial of disability insurance coverage under the policy constitutes denial of a welfare benefit under an ERISA

2

regulated plan.  When a fiduciary's denial of plan benefits is challenged under 29 U.S.C. § 1132(a)(1)(B), the denial "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  If the plan does give discretion to an administrator or fiduciary to determine eligibility for benefits, the court must employ a more deferential, "abuse of discretion," standard in reviewing a denial.  Id. at 111.  A benefit plan must clearly grant discretionary authority to the administrator before decisions will be accorded the "deferential, arbitrary and capricious, standard of review."  Rodriguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 583 (1st Cir. 1993).

The defendants assert that the following provision of the Sanders Plan grants CIGNA discretionary authority to determine benefit eligibility:

> WHEN BENEFITS BEGIN
> After you have fulfilled the following three requirements with proof satisfactory to the Insurance Company
>
> > (1) that while insured you have become totally disabled as a result of accidental bodily injury or sickness and have been continuously so disabled during the Qualifying Disability Period specified below, and

3

> (2) that your employer and you have certified as to any Other Income Benefits available to you, and
>
> (3) that you have made application when eligible for all Other Income Benefits available to you and have furnished all required proofs for such Other Income Benefits,
>
> then your Long Term Disability Income Benefit will commence.

Sanders Associates, Inc., Long Term Disability Plan, Exhibit A at 2. The defendants argue specifically that the language "proof satisfactory to the Insurance company" is sufficient to invoke the higher standard of review. They note that similar language has been held to confer discretionary authority. See, e.g., Miller v. Metropolitan Life Ins. Co., 925 F.2d 979 (6th Cir. 1991); Bali v. Blue Cross and Blue Shield Ass'n, 873 F.2d 1043, 1047 (7th Cir. 1989).

Several courts have held that plans confer discretionary authority where the provision outlining the definition of disability for purposes of the plan states that disability is determined on the basis of evidence satisfactory to the insurer. See id. at 984; see also Bali, 873 F.2d at 1047 (requirement of satisfactory proof contained in provision of plan stating definition of disability); cf. Kiley v. Travelers Indem. Co., 844 F. Supp. 6, 11 (D. Mass. 1994) (plan must contain explicit language giving administrator discretionary authority to

4

determine whether employee is occupationally disabled).[2] The discretionary language contained in the Sanders plan, however, is not contained in the portion of the plan where the definition of disability is presented. Instead, the language is found in a section entitled "When Benefits Begin."

The heading "When Benefits Begin" implies a temporal restriction to the grant of discretionary authority. The information contained in this section relates to the start of benefits. Pursuant to this section CIGNA had discretionary authority to deny Sorel benefits at the time she made her initial application. However, Sorel was granted benefits when she first applied in 1977 and continued to receive them until 1993. Sorel

---

[2]For example, in Miller, the court found a grant of discretion in a provision of the plan that permitted the insurance company to decide whether an applicant is "disabled" on the basis of "medical evidence satisfactory to the company." 925 F.2d at 983. The plan under consideration stated that

> [a]n Employee shall be deemed to be totally disabled only if that Employee is not engaged in regular employment or occupation for renumeration or for profit, and, on the basis of medical evidence satisfactory to the insurance Company, the Employee is found to be wholly prevented, as a result of bodily injury or disease, either occupational or non-occupational in cause, from engaging in regular employment or occupation, for renumeration or profit, with the Employer at the location where the employer last worked.

Id.

5

does not allege an improper denial of benefits, but rather a wrongful termination of benefits.

The court interprets the plan as limiting CIGNA's discretion to determining when benefits begin. Had the drafters of the plan intended to provide continuing discretion, that intent could have been conveyed by a different heading. For example, if the section were entitled "How to Receive Benefits," then, implicitly, the section would impose continuing obligations on the part of the claimant and grant continuing discretion to the administrator. However, the drafters entitled the section "When Benefits Begin" and included the following language: "[a]fter you have fulfilled the following three requirements with proof satisfactory to the Insurance Company . . . then your Long Term Disability Income Benefit will commence." Exhibit A at 2. Together with the heading, this language unequivocally limits the scope of the section and the nature of the administrator's discretion.

Further support for interpreting the "When Benefits Begin" section as providing only for limited discretion is found throughout the Sanders Plan. First, the definition of disability for purposes of the plan is contained in a section entitled "Total Disability and Basic Monthly Salary as Defined in Connection with Long Term Disability Income Benefits." This

6

section explicitly sets forth when an applicant will be considered totally disabled:

> You will be considered totally disabled during the first 29 months of disability if you are unable, because of disease or injury, to perform your assignment and you are not engaged in any occupation for wage or profit.
>
> Thereafter, during the same period of disability, you will be considered totally disabled only if you are unable, because of disease or injury, to be employed at any reasonable occupation.
>
> A "reasonable occupation" means any gainful activity for which you are, or may become, fitted by education, training or salary.

Exhibit A at 4. Absent from this provision in the plan is textual reference to any discretionary function by the insurer.

Second, the termination provision states:

The insurance terminates on the earliest of the following:

> (1) When your employment terminates, when you are no longer eligible, or when the group policy terminates, or except as referred to under Premium Waiver", or
>
> (2) on the first day of the month following the attainment if the age 64 years and 30 weeks, except that if upon such date you are totally disabled, your insurance shall continue while you are so disabled, but not after the first day of the month following age 65.

Exhibit A at 6. Again, nothing in this section grants the administrator discretion to determine when eligibility for benefits terminates.

7

Third, the termination provision states that "benefits terminate when the [claimant] is no longer eligible." The court cannot construe the term eligible as relating back to "When Benefits Begin." The Sanders Plan table of contents lists a section entitled "Eligibility." This section only explains the requirements for enrolling in the plan. See Exhibit A at Table of Contents, 1. It is proper to interpret the eligibility language of the termination provision as referring to these requirements.

When read in its entirety, the Sanders Plan fails to make clear the extent of the grant of discretion to the plan administrator. The most natural reading of the Sanders Plan allows the administrator discretion to determine when benefits begin but not when benefits end. This circuit has joined others in interpreting Firestone Tire as requiring a plan to clearly grant discretionary authority to determine eligibility for benefits before a court will accord deferential review. Rodriquez-Abreu, 986 F.2d at 583 (citing Brown v. Ampco-Pittsburgh Corp., 876 F.2d 546, 550 (6th Cir. 1989)). As one district court recently noted, "[The defendants have] the opportunity and obligation to make such important provisions of its benefit plan clearly understandable." Yeager v. Reliance

8

<u>Standard Life Ins. Co.</u>, 852 F. Supp. 11, 13 (W.D. Ky. 1994). The provisions as drafted fail to do that.

> It would be unfair and improper for the [defendants] to take advantage of the ambiguity which [they] created, particularly when it would have been so easy to draft clear and appropriate language if that was [their] intent.

<u>Id.</u> The motion for summary judgment is denied.


## Conclusion

The defendants' motion for summary judgment (document no. 20) is denied.

SO ORDERED.


                                 _____
                                 Joseph A. DiClerico, Jr.
                                 Chief Judge

June 15, 1995

cc:  Paul D. Parnass, Esquire
      Eleanor H. MacLellan, Esquire

9